

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   1:05-CR-181 |
| Plaintiff, | |
| v. | Hon.   GORDON J. QUIST<br>U.S. District Court Judge |
| JAMES ALBERT SCOTT, | |
| Defendant. | |

/

## PLEA AGREEMENT

This constitutes the plea agreement between James Albert Scott and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>.   The Defendant agrees to plead guilty to Count One of the Indictment. Count One charges the Defendant with sexually exploiting a child in violation of Title 18, United States Code, Section 2251(a).

2. <u>The Defendant Understands the Crime</u>.   In order for the Defendant to be guilty of violating Title 18, United States Code, Section 2251(a) the following must be true:

   a. First, the victim was under the age of eighteen years;
   b. Second, the Defendant used the victim to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct; and
   c. Third, a visual depiction was transported in interstate commerce.

The Defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty.</u>   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a) is the following:

    a.    Maximum term of imprisonment: 30 years
    b.    Minimum term of imprisonment: 15 years
    c.    Maximum term of supervised release: Any term of years up to life
    d.    Maximum fine: $250,000.00
    e.    $100.00 Special Assessment

The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Forfeiture</u>:   The Defendant agrees to abandon any and all claims and agrees not to contest the forfeiture of the computer and related equipment and media seized from his residence on June 9, 2005, and seized from him and his vehicle on July 26, 2005. Defendant admits that the property, which he hereby agrees to forfeit and abandon, was used or intended to be used to commit or promote the violation of 18 U.S.C. § 2251.

5. <u>Restitution.</u>   The Defendant agrees to make full restitution for the losses caused by his activities, including the costs of counseling and medical care. The parties agree that the amount and terms of restitution will be determined at the time of sentencing.

6. <u>Medical Tests.</u>   The Defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome. The Defendant further agrees that if the initial test for the etiological agent for immune deficiency syndrome is negative, he will be re-tested six (6) months and again twelve (12) months following the initial test. Title 42 U.S.C. § 14011.

7. <u>The Defendant's Cooperation</u>. The Defendant agrees to fully cooperate with the Federal Bureau of Investigation and the U.S. Attorney's Office and any other law enforcement agency in their investigation of the charges contained in the Indictment and covered by this plea agreement as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will not commit any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

8. <u>The Sentencing Guidelines</u>. The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must

consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Waiver of Appeal and Collateral Attack</u>. The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence). This agreement does not

affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

10. <u>The United States Attorney's Office agrees</u>:

  a. The U.S. Attorney's Office for the Western District of Michigan agrees to move to dismiss the remaining counts of the Indictment at the time of sentencing.

  b. The U.S. Attorney's Office agrees not to prosecute the Defendant further for violations of 18 U.S.C. § 2252 and § 2252A arising out of the Defendant's possession of child pornography, known as of the date of this agreement. The U.S. Attorney's Office further agrees not to prosecute the Defendant for violations of 18 U.S.C. § 2252 and § 2252A arising from the Defendant's distribution and receipt of child pornography, known as of the date of this agreement. The Defendant understands that the U.S. Attorney's Office is free to prosecute the Defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

  c. The U.S. Attorney's Office for the Western District of Michigan agrees not to oppose the Defendant's request for a reduction of his offense level for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines, provided the Defendant continues to satisfy the criteria for such a reduction. Should the Court grant a two-level reduction as provided herein, the Government certifies that the plea was provided sufficiently in advance of trial to allow the Government to forego the expense of trial preparation and hereby moves the Court to grant an additional one-level reduction in the base offense level.

11. <u>Kalamazoo County Office of the Prosecuting Attorney Agrees:</u> If the Defendant receives a sentence of thirty (30) years of incarceration, the Kalamazoo County Office of the Prosecuting Attorney agrees not to prosecute the Defendant for criminal conduct related to the minor victim, A.S., and known to the authorities as of the date of this agreement. The Defendant understands that the Kalamazoo County Prosecutor's Office is free to prosecute the Defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

12. The Defendant and the U.S. Attorney's Office agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | USSG §2G2.1(a) |
| Offense involved a minor who had not attained the age of twelve years: | +4 | USSG §2G2.1(b)(1)(A) |
| Offense involved a sexual act: | +2 | USSG §2G2.1(b)(2)(A) |
| Offense involved distribution: | +2 | USSG §2G2.1(b)(3) |
| Offense involved a relative: | +2 | USSG §2G2.1(b)(5) |

The Defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate.

13. There is no agreement as to the Defendant's criminal history or criminal history category.

14. The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation

of the sentence. The Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, the Defendant cannot, for that reason alone, withdraw his guilty plea. In the event that the Court's sentencing calculations are different than those set forth in Paragraph 12 above, each party agrees to maintain its view on appeal or collateral review that the calculations in Paragraph 12 are consistent with the facts of this case, but reserves the right to argue on appeal and collateral review that the Court's calculations are not in error.

15. <u>Waiver of other rights</u>.  The Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

16. <u>The Court is not a Party to this Agreement</u>.  The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

17. <u>This Agreement is Limited to the Parties</u>.   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority, except as provided in Paragraph 11. This agreement applies only to crimes committed by the Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18. <u>Consequences of Breach</u>.   If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*United States v. James Albert Scott*
*1:05-CR-181*
*Plea Agreement*

19. <u>This is the Complete Agreement.</u>  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings, or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

9/29/05
Date

DANIEL Y. MEKARU
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

9/29/05
Date

JAMES ALBERT SCOTT
Defendant

I am Mr. Scott's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9-29-05
Date

EDWIN L. HETTINGER
Attorney for Defendant