UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,                                            Case No. 1:05-CR-181

v.                                                                HON. GORDON J. QUIST

JAMES ALBERT SCOTT,

       Defendant.

_____/

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Defendant, James Albert Scott, has filed an "Emergency Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i)." (ECF No. 38.) For the reasons stated below, the Court denies Scott's motion.

As a general rule, absent a statutory exception, a district court cannot change a sentence once it is applied. *United States v. Hammond,* 712 F.3d 333, 335 (6th Cir. 2013). The First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions to reduce their sentences or obtain compassionate release. But a defendant may file a compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently confirmed that the § 3582(c)(1)(A) exhaustion requirement is mandatory and must be enforced when invoked by the government. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). In the instant case, Scott has alleged that he sent a

compassionate release request to the warden on May 3, 2020, and the warden denied Scott's request on May 11, 2020.

Even though Scott alleges that he exhausted his administrative remedies, the Court will deny Scott's motion on the merits. To determine whether a sentence reduction is warranted under § 3582(c), the Court must examine the following factors: (1) extraordinary and compelling reasons; (2) applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement regarding § 3582(c)(1)(A)(i) is set forth at Guidelines section 1B1.13. The commentary defines "extraordinary and compelling reason" through four categories: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons[.]" U.S.S.G. § 1B1.13 cmt. n.1.

Here, Scott seeks a sentence reduction based on his age and medical conditions. He is 77 years old and alleges that he suffers from several medical conditions, such as Type 2 diabetes and hypertension, that make it more likely that he will develop severe symptoms if he were to contract COVID-19.[1] He is currently incarcerated at FCI Elkton. In his motion, Scott describes how the COVID-19 pandemic is affecting Elkton and asks the Court to take judicial notice of the district court's findings in *Wilson v. Williams*, No. 4:20-CV-794 (N.D. Ohio), which is a class action challenging the conditions of confinement at Elkton.

Despite his age and medical conditions, this Court finds that Scott continues to be a danger to the community and that a sentence reduction would be inconsistent with the factors in 18 U.S.C. § 3553(a). In 2006, this Court sentenced Scott to the statutory maximum sentence—360 months—

---

[1] *See People Who Are at Higher Risk for Severe Illness,* Ctrs. for Disease Control and Prevention (July 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

for sexual exploitation of a child in violation of 18 U.S.C. § 2251. According to the Bureau of Prisons' website, Scott's expected release date is February 16, 2031.

The nature and circumstances of Scott's crimes are very disturbing. He repeatedly engaged in oral sex and attempted sexual intercourse with a 6-year-old child, his granddaughter. He made digital images of his conduct and sent emails to others, which included salacious comments and pictures of his conduct. The presentence report shows that Scott has no sexual boundaries. Despite honorable behavior in his "other life," these emails are astoundingly perverse. The reduced sentence now sought by Scott would not promote respect for the law or provide just punishment for the offense. Furthermore, the public needs protection. Although Scott may have abused only his granddaughter, who is now an adult, his using the internet to spread his pictures and statements shows that he poses a danger to others—simply by looking at this material or distributing it.

**Accordingly**, **IT IS HEREBY ORDERED** that Scott's motion (ECF No. 38) is **DENIED.**

Dated: July 2, 2020        /s/ Gordon J. Quist
                           GORDON J. QUIST
                           UNITED STATES DISTRICT JUDGE